UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

MICHAEL SCHIFO
N6083 Robin Lane
Green Lake, Wisconsin 54941

    Plaintiff,

v.

BLOCH'S GREENHOUSES, INC.
W1604 State Road 23
Green Lake, Wisconsin 54941

    and

JOHN BLOCH
W1604 State Road 23
Green Lake, Wisconsin 54941

    Defendants

Case No.: 20-cv-1916

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Michael Schifo, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves federal questions under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside and operate their business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Michael Schifo, is an adult male resident of the State of Wisconsin with a post office address of N6083 Robin Lane, Green Lake, Wisconsin 54941.

5. Defendant, Bloch's Greenhouses, Inc., was, at all material times herein, a commercial entity with a principal or corporate office address of W1604 State Road 23, Green Lake, Wisconsin 54941.

6. Defendant Bloch's Greenhouses is a landscaping and maintenance company.

7. Defendant, John Bloch, was, at all material times herein, an individual resident of the State of Wisconsin with a principal business address of W1604 State Road 23, Green Lake, Wisconsin 54941.

8. Defendant Bloch owns, operates, and manages Defendant Bloch's Greenhouses.

9. During the relevant time periods as stated herein, Defendant Bloch's Greenhouses was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

10. During the relevant time periods as stated herein, Defendant Bloch's Greenhouses employed more than two (2) employees.

11. During the relevant time periods as stated herein, Defendant Bloch's Greenhouses' annual dollar volume of sales or business exceeded $500,000.

12. During the relevant time periods as stated herein, Defendants were an "employer" as that term is defined under the FLSA and the WWPCL.

13. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants, as these terms are defined under the FLSA and the WWPCL.

14. During the relevant time periods as stated herein, Defendant Bloch was an "employer" as that term is defined under the FLSA and/or the WWPCL.

15. During Plaintiff's employment with Defendants, Defendant Bloch directly supervised Plaintiff's day-to-day activities.

16. During Plaintiff's employment with Defendants, Defendant Bloch hired, disciplined, and terminated Plaintiff.

17. During Plaintiff's employment with Defendants, Defendant Bloch directly reviewed Plaintiff's work performance.

18. During Plaintiff's employment with Defendants, Defendant Bloch established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work for Defendants, on behalf of Defendants, and/or at Defendants' direction.

19. During Plaintiff's employment with Defendants, Defendant Bloch controlled the terms and conditions of Plaintiff's employment.

20. During Plaintiff's employment with Defendants, Defendant Bloch established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

21. During Plaintiff's employment with Defendants, Defendant Bloch tracked and/or recorded Plaintiff's hours of work.

22. During Plaintiff's employment with Defendants, Defendant Bloch established Plaintiff's compensation methods, rates, and structure.

23. During Plaintiff's employment with Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

24. In approximately April 2019, Plaintiff commenced employment with Defendants in the position of Project Manager.

25. During the entirety of Plaintiff's employment with Defendants, Plaintiff reported directly to John Bloch, owner, operator, and manager of Defendant Bloch's Greenhouses.

26. During the entirety of Plaintiff's employment with Defendants, Plaintiff performed compensable work on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit.

27. In approximately September 2019, Plaintiff's employment with Defendants ended.

28. During Plaintiff's employment with Defendants, Defendants compensated Plaintiff on a salaried basis of $40,000 annually, or $769.23 per workweek, based on working "a minimum of 1600 hours per calendar year," or approximately 30.77 hours per workweek.

29. During Plaintiff's employment with Defendants, Defendants classified Plaintiff as "exempt" for purposes of the FLSA and WWPCL. However, in reality during Plaintiff's employment with Defendants, Plaintiff primarily performed manual labor and/or non-exempt job

duties and responsibilities each workweek on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit.

30. During Plaintiff's employment with Defendants and in Plaintiff's position of Project Manager, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

31. During Plaintiff's employment with Defendants, Plaintiff's primary job duty and responsibility each work day and each workweek in his position of Project Manager was performing physical or manual labor.

32. During Plaintiff's employment with Defendants, Plaintiff spent the vast majority of his hours worked and work performed each work day and each workweek performing physical or manual labor in his position of Project Manager, such as: physically or manually performing landscaping duties and executing landscaping projects; and physically or manually performing maintenance duties and executing maintenance projects.

33. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Plaintiff frequently worked in excess of forty (40) hours per workweek.

34. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Defendants knew or should have known that Plaintiff frequently worked in excess of forty (40) hours per workweek.

35. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Plaintiff frequently worked between forty (40) and seventy (70) hours per workweek.

36. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Plaintiff frequently worked between forty (40) and seventy (70) hours per workweek on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit.

37. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Defendants did not compensate Plaintiff with overtime pay during workweeks when he worked in excess of forty (40) hours.

38. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Defendants compensated Plaintiff on a bi-weekly basis via check.

39. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Defendants' workweek for FLSA and WWPCL purposes was Sunday through Saturday.

40. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Plaintiff did not primarily perform his job duties in an office setting.

41. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Plaintiff's primary job duty was not the management of Defendants' enterprise, general business operation, or a department or division of Defendant Bloch Greenhouses.

42. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Plaintiff performed his job duties and responsibilities at the direction of Defendants: Plaintiff was given specific instructions as to how to perform his job duties and/or he performed these job duties within the prescribed procedures, processes, and/or limits established by Defendants.

43. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Defendants treated Plaintiff like a non-exempt, hourly-paid employee. For example, on a daily basis, Defendants required Plaintiff to record his hours worked and monitored his physical whereabouts and work performed.

44. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Plaintiff did not customarily and regularly exercise discretion or independent judgment in the performance of his job duties.

45. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Plaintiff did not, in the performance of his job duties, customarily or regularly compare or evaluate possible courses of conduct, and Plaintiff did not customarily or regularly act or make decisions regarding matters of significance after considering various possibilities.

46. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Plaintiff did not, in the performance of his job duties, customarily or regularly have the authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendants' established policies, processes, and/or procedures without Defendants' prior approval.

47. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Plaintiff's job duties did not require advanced knowledge in a field of science or learning, and/or did not require invention, imagination, originality, or talent.

48. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Plaintiff's job duties did not require him to perform work which was predominantly intellectual in nature and acquired by a prolonged course of specialized intellectual instruction.

49. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Plaintiff did not customarily or regularly spend the majority of his hours worked each workweek making sales directly to Defendants' customers.

50. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Defendants recorded Plaintiff's actual hours worked each workweek.

51. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Plaintiff was not highly compensated employee for FLSA and WWPCL purposes.

52. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Plaintiff was not a commissioned employee.

53. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Plaintiff's paychecks did not properly or lawfully compensate him for all hours worked in a workweek.

54. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Plaintiff's paychecks did not properly or lawfully compensate him for all hours worked in a workweek at the proper, lawful, and/or correct overtime rate of pay for hours worked in excess of forty (40) in a workweek.

55. During Plaintiff's employment with Defendants in Plaintiff's position of Project Manager, Defendants knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendants suffered or permitted him to work) in a workweek (including but not limited to at the proper, lawful, and/or correct overtime rate of pay) in accordance with the FLSA and WWPCL.

56. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which they should have been aware.

57. Defendants owe Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendants for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

## **FIRST CAUSE OF ACTION – FLSA VIOLATIONS**

58. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

59. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

60. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

61. During Plaintiff's employment with Defendants, Plaintiff primarily performed non-exempt job duties in each workweek while he was employed by Defendants and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

62. Defendants intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

63. Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendants have not acted in good faith nor and reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

64. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendants.

65. Plaintiff is entitled to damages equal to the overtime compensation due and owing to him within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting legal claims against Defendants.

66. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS

67. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

68. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

69. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

70. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

71. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay.

72. During Plaintiff's employment with Defendants, Plaintiff primarily performed non-exempt job duties in each workweek he was employed by Defendants and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

73. During Plaintiff's employment with Defendants, Plaintiff worked hours in excess of forty (40) per workweek for which he was not compensated with overtime premium pay in accordance with the WWPCL.

74. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

75. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

76. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid overtime wages, for pre-judgment and post-judgment interest or liquidated damages, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 29th day of December, 2020

               WALCHESKE & LUZI, LLC
               Counsel for Plaintiff

               s/ ***Scott S. Luzi***
               James A. Walcheske, State Bar No. 1065635
               Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 North Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com